Ben Natter
Kaitlin M. Farrell (*pro hac vice* forthcoming)
**Haug Partners LLP**
745 Fifth Avenue
New York, New York 10151
Telephone No.: (212) 588-0800

Attorneys for Plaintiff
*UAB Pulsetto*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UAB PULSETTO | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ELECTROCORE, INC. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff UAB Pulsetto ("Pulsetto" or "Plaintiff"), by its undersigned attorneys, for its Complaint for Declaratory Judgment of against Defendant electroCore, Inc. ("electroCore" or "Defendant") herein, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 et seq. Plaintiff seeks a declaration of noninfringement with respect tot the claims of United States Patent No. 11,446,491 ("the '491 patent" or "the Patent-in-Suit") (attached as Exhibit A hereto).

2. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer

for sale, sale, and/or import of its Accused Product (as defined below) has not infringed, and will not infringe, the '491 Patent.

3. Defendant's intended assertion of claims of patent infringement based on Plaintiff's Accused Product has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment of noninfringement, pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

4. Plaintiff Pulsetto is a corporation organized and existing under the laws of Lithuania and having a place of business at Liepu g. 83, LT-92195 Klaipėda, Lithuania.

5. Upon information and belief, Defendant electroCore Inc. is a Delaware corporation registered to do business in New Jersey, with its principal place of business located at 200 Forge Way – Suite 205, Rockaway, New Jersey 07866.

6. Upon information and belief, Defendant is in the business of, among other things, manufacturing and selling non-invasive vagus nerve stimulation ("nVNS") therapy.

7. Upon information and belief, Plaintiff and Defendant compete in the non-invasive vagus nerve stimulation market.

8. Upon information and belief, Defendant owns and operates websites located at www.electrocore.com, www.truvaga.com, and www.gammacore.com through which it markets and promotes its products and brand.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, but not limited to, 35 U.S.C. §§ 271 and 282.

10. This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a).

11. Based upon at least the foregoing, there is an actual and judiciable dispute between Plaintiff and Defendant concerning infringement of the '491 Patent.

12. This Court has personal jurisdiction over Defendant by virtue of the fact that, inter alia, Defendant conducts substantial and ongoing business in this state, has a principal place of business in this state, has purposefully availed itself of the privilege of conducting business in this state, has invoked the benefits and protections of this state, and Defendant's actions in this state resulted in injury to Plaintiff giving rise to this action.

13. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## FACTS AS TO ALL COUNTS

14. Plaintiff is the developer and exclusive U.S. distributor of the Pulsetto® device, a non-invasive neuromodulation product designed to support, inter alia, stress reduction, sleep, and focus.

15. The Pulsetto device is currently offered for sale throughout the United States, including via Amazon.com under Amazon Standard Identification Number ("ASIN") B0DJH6KRKK (the "Accused Product") (but see *infra* ¶ 33).

16. Upon information and belief, Defendant has been assigned, and represents that it owns or has the right to enforce the '491 Patent.

17. As described further below, Defendant has asserted rights under this patent against Plaintiff.

18. The '491 Patent was issued by the United States Patent and Trademark Office ("USPTO") on September 20, 2022.

19. On May 22, 2025, Plaintiff received an e-mail notification from the

3

address patent-evaluation@amazon.com notifying Plaintiff that Defendant had filed an "Amazon Patent Evaluation Express Agreement Notice" ("APEX Notice") with Amazon, alleging that the Accused Product infringed claim 27 of the '491 patent and requesting an evaluation of infringement. A true and correct copy of the May 22, 2025 Amazon notice is attached as Exhibit B.

20. As attachments to the email, Amazon provided Plaintiff with the APEX Notice (Ex. C) and the Amazon Patent Evaluation Express Procedure ("APEX Procedure") (Ex. D).

21. Amazon, Inc. has implemented the APEX Procedure to address claims that products sold on Amazon.com infringe on third-party patent rights. Generally, an APEX evaluation is triggered when a patent owner informs Amazon that certain products associated with specific ASINs are allegedly infringing its patent and requests the initiation of an APEX review. Upon receiving such a notice, Amazon sends an APEX agreement to the seller of the identified product(s). The seller then has three weeks to sign and return the agreement to proceed with the APEX evaluation. A neutral third-party evaluator then reviews the infringement claim under a streamlined process established by Amazon and set forth in the APEX Procedure. If the seller chooses not to participate, Amazon will remove the relevant product listing from its platform. *See generally* Ex. D; *see also* Ex. B.

22. If, after considering the seller's noninfringement arguments, Amazon determines that the infringement claim is likely to succeed, it will remove the products at issue and no longer allow them to be sold on Amazon, unless and until a court rules otherwise. (Ex. D at 5-6).

23. The seller may choose to resolve the matter through formal litigation.

Thus, if infringement litigation is already pending or is filed in response to the APEX Notice, including a declaratory judgment action, Amazon will allow the products to remain for sale on Amazon until the litigation is resolved, and presumably remove the products only if the patent owner prevails.  (Ex. D at 1).

24. The Amazon APEX Procedure limits Evaluations to "one claim from one unexpired U.S. utility patent."  (Ex. D at 3).

25. Upon information and belief, Defendant manufactures, markets, and sells non-invasive vagus nerve stimulation (nVNS) devices, including at least products branded as Truvaga and gammaCore, which are offered for sale and distribution throughout the United States.

26. Defendant identified Truvaga as a brand that it has registered in Amazon's Brand Registry.  (Ex. B at 1).

27. Defendant markets Truvaga as a wellness-focused product sold in the non-invasive vagus nerve stimulation space.

28. On information and belief, Defendant derives commercial benefit from its sale the Truvaga device.

29. Amazon is a source of significant sales of the Accused Product by Plaintiff.

30. The APEX Notice provides that the Accused Product will be taken off of Amazon unless one of the above-described actions is taken withing three weeks of the Notice, which was sent on May 22, 2025.

31. Amazon removed the Accused Product from its platform on or before June 4, 2025.

32. Plaintiff is opting not to proceed through Amazon's APEX program, which does not consider defenses such as patent invalidity and is limited in scope to infringement issues.

## FIRST COUNT
(Non-Infringement of the '491 Patent)

33. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

34. There is an actual controversy between Plaintiff and Defendant as to alleged infringement of the '491 Patent.

35. The Accused Product has not, does not, and will not infringe any of the claims of the '491 Patent.

36. The '491 Patent has two independent claims, claim 1 and claim 27.

37. Claim 27—the only claim identified in the APEX Notice—is reproduced below:

> A system comprising: one or more electrodes configured for contacting an outer skin surface of a patient; a stimulator coupled to the one or more electrodes and configured for coupling to a mobile device configured to receive a wireless signal; and wherein the stimulator is configured to transmit an electrical impulse from the electrodes through the outer skin surface to a target site within a patient.

38. Plaintiff's Accused Product does not infringe claim 27 or any other claim of the '491 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

39. By way of example only, the Accused Product does not include "a stimulator coupled to the one or more electrodes and configured for coupling to a mobile device configured to receive a wireless signal; and wherein the stimulator is configured to transmit an electrical impulse from the electrodes through the outer skin surface to a target site

6

within a patient" as recited by claim 27.

40. Based on the foregoing, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding Plaintiff's alleged infringement of the '491 Patent that warrants issuance of a declaratory judgment that Plaintiff has not infringed any claim of the '491 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

i. A judgment declaring that the Accused Product does not infringe any claim of the '491 Patent;

ii. A preliminary and permanent injunction ordering Defendant to withdraw and retract its APEX Notice against Plaintiff's Accused Product that it has filed with Amazon.com and to make no further complaints of infringement to Amazon.com against the Accused Product based on the '491 Patent or any related patent;

iii. A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Plaintiff its attorneys' fees and costs;

iv. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: June 11, 2025

*/s/ Ben Natter*
Ben Natter
Kaitlin Farrell (*pro hac vice* forthcoming)
**Haug Partners LLP**
745 Fifth Avenue
New York, New York 10151

Telephone No.: (212) 588-0800
bnatter@haugpartners.com
kfarrell@haugpartners.com

*Attorneys for Plaintiff*
*UAB Pulsetto*